UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL HOWARD HUNTER,

    Plaintiff,

v.

KENNETH ALDRIDGE, et al.,

    Defendants.

CASE NO. C90-616C

ORDER

    This matter comes before the Court on Plaintiff's October 14, 2005 "Motion to Vacate, for Leave To Amend and To Treat this Action as a Petition for Writ of Habeas Corpus and for Recusal of John C. Coughenour and Appoint Counsel." (Dkt. Nos. 9, 10, 11) ("1st Mot."; "Affidavit"). The undersigned declined to recuse voluntarily (Dkt. No. 13) and referred the recusal matter to Chief United States District Judge Robert S. Lasnik pursuant to Local General Rule 8(c). Chief Judge Lasnik denied Plaintiff's recusal request as well. (Dkt. No. 14.) Thereafter, Plaintiff attempted to withdraw the recusal portion of his original motion. (Dkt. No. 17). This request is MOOT, as the recusal issue already had been ruled upon by the time Plaintiff's letter was received. The Court presently takes up the remainder of Plaintiff's original motion (Dkt. Nos. 9, 10, 11), as well as the additional motion filed on November 15, 2005 for "leave to file amended petition and for writ of habeas" (Dkt. No. 19) ("2nd Mot."). Having fully

ORDER – 1

considered all of the papers submitted by Plaintiff from October 10, 2005 through November 15, 2005, regarding the instant motions and otherwise, and determined that oral argument is not necessary, the Court hereby DENIES Plaintiff's requests and finds and rules as follows.

## I. BACKGROUND

On April 27, 1990, Plaintiff initiated this action by filling out a standard form for a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 and applying to proceed *in forma pauperis*, which application was granted on May 2, 1990. (Dkt. Nos. 2, 3, 5.) On May 25, 1990, this Court entered an Order dismissing the complaint as against all Defendants and instituting a bar order against further frivolous and/or malicious filings where Plaintiff seeks to proceed *in forma pauperis*. (Dkt. No. 7.) The May 25, 1990 Order adopted a "special procedure," whereby any further requests by Plaintiff to proceed *in forma pauperis* in this district would be denied, "except upon a showing of good cause to the Court's satisfaction as to why [P]laintiff should be permitted to sue on a particular cause of action at public expense." After judgment was entered on May 29, 1990 (Dkt. No. 8), the case was closed and no further documents were filed until October 2005, over 15 years later.

Plaintiff's motions seek a number of remedies and rulings. First, Plaintiff seeks an order vacating the May 25, 1990 judgment as "void as a matter of law" because it was entered in violation of his Fifth Amendment Due Process Rights. As part of this request, Plaintiff makes arguments about his underlying criminal conviction,[1] including that he should have had counsel appointed and that there is "recently discovered" evidence therein. (1st Mot. 2–4.) Second, Plaintiff seeks to have his 1990 civil rights case now treated as a petition for writ of habeas corpus, arguing that this Court should have construed his § 1983 complaint as a habeas petition when it was filed in 1990, rather than proceeding as it did to analyze his causes of action as civil rights claims. Here too, Plaintiff makes arguments regarding appointment of

---

[1] The underlying criminal case resulted in Plaintiff's conviction following a jury trial on two counts of threatening federal officials (the President and federal judges). *See United States v. Hunter*, 935 F.2d 276, 1991 WL 99498 (9th Cir. 1991) (unpublished memorandum opinion).

ORDER – 2

1  counsel for his underlying criminal trial, and he additionally alleges evidentiary misconduct by the
2  prosecution. (*Id.* at 4–5.) Third, Plaintiff appears to seek an order vacating the bar order instituted in
3  1990, making arguments that it is impossible to satisfy. (*Id.* at 5–10.) Fourth, Plaintiff seeks
4  appointment of counsel for a competency hearing in the civil matter he seeks to have reopened. (*Id.* at
5  10–11.) Fifth, assuming that treating his old civil rights case as a habeas proceeding is proper, Plaintiff
6  seeks to proceed under 28 U.S.C. § 2241(c)(3) rather than § 2255. (*Id.* at 1; 2nd Mot. 1–2.) Sixth,
7  Plaintiff files as an attachment to his second motion a proposed "Amended Petition for Writ of Habeas
8  Corpus" under 28 U.S.C. §§ 2241–2243 and seeks leave to file that petition in the civil matter he seeks to
9  have reopened. (2nd Mot. Ex. 1–2.) The remainder of Plaintiff's requests regard the now-resolved
10 recusal matter.

## II. ANALYSIS

Plaintiff brings his motion to vacate this Court's May 25, 1990 Order pursuant to Federal Rule of Civil Procedure 60. That Rule provides for relief from a judgment or order for clerical mistakes (section (a)) or for mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. (section (b)). Plaintiff does not specify which section or subsection he seeks to have applied, though he does state that he seeks to have the May 25, 1990 judgment declared "void" and claims to have "recently discovered" evidence. Because he does not allege any clerical errors, the Court considers his request to vacate under Rule 60(b) only. Under Rule 60(b), a judgment may be vacated for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED. R. CIV. P. 60(b). Plaintiff's request to vacate the May 25, 1990 Order because it is "void as a matter of law" invokes subsection (4). Plaintiff's argument regarding "recently discovered" evidence arguably

ORDER – 3

fits under subsection (2), although its applicability here is questionable because there was never a "trial" in this civil case. Construing Plaintiff's motion liberally, the Court will consider the request under subsection (6) in addition to subsections (2) and (4). However, the equitable remedy under subsection (6) should be applied only in extraordinary circumstances. *See, e.g.*, *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049–50 (9th Cir. 1993).

As to whether the May 25, 1990 dismissal of Plaintiff's claims is void as a matter of law, the Court finds that it is not, and declines to vacate the Order on that basis or on the basis of "newly discovered evidence" or for "any other reason," as follows.

Plaintiff first argues that the dismissal of his claims is void because it violated his Fifth Amendment Due Process rights. However, in support of that conclusion, Plaintiff simply restates allegations made in his original civil rights case regarding denial of access to the courts. These precise allegations were the basis of some of Plaintiff's old claims, which were all dismissed as "frivolous or malicious."[2] Furthermore, to the extent that Plaintiff complains of inadequate legal resources in his criminal case in the instant motions, the Court need only refer to the Ninth Circuit's ruling on Plaintiff's direct criminal appeal, finding such arguments meritless. Specifically, the Ninth Circuit held that Plaintiff's arguments on direct appeal regarding his right to counsel were meritless because he was warned about the dangers and consequences of self-representation, he did not have his right to self-representation violated, and he had adequate legal research facilities available, including standby counsel. *Hunter*, 1991 WL 99498, at *2. In further support of his argument that the 1990 dismissal by this Court is "void," Plaintiff then reasserts his view of the facts about the threats that he made to federal officials. Again, the Ninth Circuit has ruled on that issue, holding that Plaintiff's threats were not speech. *Id.* at *1.

---

[2] This Court's May 25, 1990 Order dismissed Plaintiff's claims as to all defendants pursuant to § 1915(d). In the year 1990, § 1915(d) allowed the Court to dismiss an *in forma pauperis* case if it was "satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990). Today, that basis is found in *id.* § 1915(e)(2).

ORDER – 4

This Court will not engage in a relitigation of Plaintiff's direct criminal appeal in this civil case—which was *closed* before the direct appeal was decided in 1991. Plaintiff makes no argument as to unconstitutional treatment that has not been considered and decided already by this Court or the Ninth Circuit. Thus, there is no constitutional basis to now declare this Court's 1990 dismissal and judgment void.

Next, Plaintiff claims that he has "recently discovered" evidence in support of his already well-litigated argument that his right to counsel was denied. This "evidence" allegedly proves that the Court did not inform Plaintiff of the requisite information at his arraignment in his underlying criminal case. However, Plaintiff does not explain how this purported "evidence" would allow him now to proceed against any of the Defendants in his old § 1983 civil rights case, particularly in light of the absolute judicial immunity that protected the defendant judges from suit in 1990. Furthermore, even if the old civil case were to be reopened as a habeas proceeding on the grounds that it should have been treated as such in 1990 (which cannot occur, *see infra*), any allegedly new evidence cannot now be considered, because the record *as it was in 1990* is the full extent of what is relevant to a determination about what this Court should have done back then. Accordingly, "recently discovered" evidence cannot be a basis for vacating this Court's May 25, 1990 dismissal of the civil rights claims *or* reopening the old case as a habeas one.

Plaintiff's final argument in favor of declaring this Court's judgment void regards an allegation that before he received this Court's May 25, 1990 Order, he was transferred from the City of Kent jail and therefore could not respond. Presumably Plaintiff is arguing that he was denied a chance to file a timely motion for reconsideration. A motion for reconsideration must be filed within 10 days in a civil matter. *See* Local Rule W.D. Wash. CR 7(h). Assuming that the instant motions can be construed as seeking reconsideration as well as a request to vacate judgment, Plaintiff offers no facts to explain why, over the past 15 years, he has failed to make a motion for reconsideration until *now*. The time has long since passed to file a motion for reconsideration, and Plaintiff offers no good reason why this Court should allow such reconsideration over 15 years too late.

ORDER – 5

In sum, Plaintiff's motion fails on the substance of subsections (2) and (4). "Recently discovered" evidence has no impact on this closed case, and Plaintiff presents no information that would render this Court's prior judgment void as a matter of law. Further, the Court cannot find "any other reason justifying relief from the operation of the judgment" as required by subsection (6). Finally, even if this Court's May 25, 1990 Order could be found void under subsection (4), even if the "recently discovered" evidence could be grounds to vacate under subsection (2), and even if the Court could find some reason justifying relief from the dismissal of Plaintiff's § 1983 claims under subsection (6), *none* of which is possible, Plaintiff nevertheless fails the threshold requirement of Rule 60(b)—that he make a motion to vacate under subsection (2) *not more than one year after the judgment* and that he make a motion to vacate under subsections (4) or (6) *within a reasonable time*. Assuming subsection (2) even could apply here, "newly discovered evidence" is clearly time-barred. Further, as to subsections (4) and (6), the instant motions cannot be considered reasonable in time by any stretch of the imagination. Therefore, Plaintiff's motion under Federal Rule of Civil Procedure 60(b) must fail, and Plaintiff's motion to vacate the May 25, 1990 dismissal of his civil rights claims is DENIED.

The Court also must deny Plaintiff's request to have his old § 1983 case reopened as a habeas proceeding for the following reasons.

The inquiry as to how the original complaint *should* have been construed by this Court must go beyond the form of pleading, such that Plaintiff's use of a § 1983 form for his complaint is not enough to decide the matter. Rather, because *pro se* pleadings must be construed liberally, *United States v. Seesing*, 234 F.3d 456, 462–63 (9th Cir. 2000), the Court must look beyond the naming of the claims to their substance to see whether it should have construed the case as a habeas one when it was filed in 1990. *See Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1990). Habeas corpus is the proper remedy when a federal prisoner challenges the fact or duration of confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991), whereas a § 1983 civil rights suit is the proper method of challenging conditions of confinement, *id.* Thus, when a prisoner challenges the "fact or duration" of confinement in a civil rights action, "the

ORDER – 6

prisoner's complaint must be construed as a habeas petition." *Tucker*, 925 F.2d at 332 n.2.  However, a suit for declaratory judgment and injunctive relief that does not seek release from custody, but only challenges incidents of custody is properly a § 1983 action.  *Padilla v. Ackerman*, 460 F.2d 477, 478 (9th Cir. 1972).  Similarly, suits for damages are properly brought under § 1983 and *cannot* be sought in a habeas proceeding.  *See Sisk v. CSO Branch*, 974 F.2d 116, 117 (9th Cir. 1992).

The Court must turn to Plaintiff's original complaint to see if it meets the test outlined above.  It does not.  The relief Plaintiff sought was detailed as follows:

> Issue injunctive relief requiring full access to law library, and requiring return of legal papers immediately[.]  Issue TRO to prevent retaliatory actions; Grant damages: $200.00 [per] day for sleep on floor, etc.  Grant punitive damages of fifty thousand dollars.  [continued on additional page:] Grant injunction to stop unlawful practices[.]  Grant $50.00 per day in damages for denial of right to access to law library, loss of legal papers by being separated from; Grant $3,850,000.00 in compensatory damages[.]  Grant any other relief fair or just.

(Complaint 3, 3d (additional page).)  Plaintiff says nothing in his request for relief that is properly brought under habeas instead of § 1983.  He is challenging the conditions of his confinement rather than the "fact" of his confinement and seeks injunctive and monetary relief, not release from prison or a shortening of his prison term.  Therefore, Plaintiff's 1990 complaint was properly treated by this Court as a § 1983 complaint and should not have been treated as a habeas petition.

Further, even if this Court *should* have treated the petition as one for habeas, Plaintiff's motion nevertheless must fail for a number of independent reasons.  First, Plaintiff is no longer in custody and reopening an old case as a habeas proceeding now would be pointless.  Plaintiff's only relief under habeas is release, and he currently is not even on *probation*, much less incarcerated.  Plaintiff was released from custody on April 8, 2004 and his last court supervision ended May 13, 2005.  He is free.[3]  Second, this

---

[3] Even so, Plaintiff asserts that there is "an exception to the custody requirement to obtain a writ of habeas corpus" in *Custis v. United States*, 511 U.S. 485, 494–96 (1994), in cases involving Sixth Amendment habeas claims.  Without reaching the merits of any Sixth Amendment claims, the Court notes *Custis* does *not* provide Plaintiff relief from the custody requirement.  This is so because *Custis* involved allowing a defendant to meet the custody requirement where he sought to attack a federal sentencing

ORDER – 7

matter was resolved in 1990.  If it should have been construed as a habeas case, it would have been stayed pending Plaintiff's direct appeal, which was not decided until 1991.  Even if the case were reinstated following a stay, it would now be moot because, again, Plaintiff is no longer in custody.  Third, the same timeliness issues discussed *supra* apply here too.  Plaintiff has missed the time for a motion for reconsideration under Local Rule CR 7(h) and the time for appeal under Federal Rule of Appellate Procedure 4 by many years.  All of the arguments that Plaintiff makes about trial counsel and whether his criminal behavior constituted threats were available at the time of the direct criminal appeal, and are not now timely made, over 15 years later.  Further, as discussed *supra*, any allegedly "new evidence" is irrelevant to the question of treating the old case as a habeas one precisely because that evidence was *not* available in 1990: it cannot now be used to prove the Court's error in not considering it before it was "known."  Plaintiff's motion to reopen his § 1983 case as a habeas case is DENIED.  Moreover, that this case should not be reopened as a habeas proceeding is *further* reason not to vacate the Court's dismissal of the § 1983 case, discussed *supra*, and constitutes further lack of "any other reason justifying relief from the operation of the judgment" under Federal Rule of Civil Procedure 60(b)(6).

As to the remainder of Plaintiff's requests, the Court finds and rules as follows:

Plaintiff's request to vacate the bar order must be denied, because he has failed to refute any of the facts on which it was based in 1990.  Furthermore, Plaintiff's litigious conduct continues.  A quick search of the Western District of Washington document filing system reveals that he has been a party to well over two dozen cases *since* 1990, some of them criminal, but many of them civil.  The Court can find no reason to lift the bar order.  As a matter of fact, Plaintiff's instant attempt to launch a habeas case based on "recently discovered" evidence by way of a closed 15-year-old civil rights case appears to be an

---

enhancement that was based on a prior state conviction.  Custis was not in state custody anymore, but could still bring the habeas challenge to his *state* conviction because it would affect his current federal sentence.  *Id.* at 497.  Plaintiff states no facts involving enhancements that would allow the custody requirement outlined in *Maleng v. Cook*, 490 U.S. 488, 492 (1989), to be ignored.

ORDER – 8

1  attempt to circumvent the bar order. If Plaintiff would like to file a new habeas case, he is free to do so
2  and have it evaluated according to the bar order's terms. Plaintiff's motion to vacate the bar order of
3  May 25, 1990 is DENIED.

4        Plaintiff's motion for appointment of counsel for a competency hearing in any reopened civil case
5  is STRICKEN as MOOT, in light of the foregoing denial of the motion to reopen the 1990 case.

6        Plaintiff's request to treat the old case as a habeas proceeding under 28 U.S.C. § 2241(c)(3)
7  rather than § 2255 is also STRICKEN as MOOT because the Court is not reopening the case as any kind
8  of habeas proceeding. Further, even if the Court thought it proper to reopen the case as a habeas one, §
9  2241 is only available where § 2255 is inadequate to test the legality of detention. *See, e.g.*, *United*
10 *States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.
11 1988). If Plaintiff wanted to challenge the legality of his incarceration, § 2255 would have been the
12 correct avenue for such relief, had the request been timely. Accordingly, even if it were not moot, this
13 request would be DENIED for lack of jurisdiction under § 2141.

14       Finally, Plaintiff's motion for leave to file his "Amended Petition and for Writ of Habeas" is
15 DENIED in light of the foregoing ruling denying the motion to reopen the case as a habeas proceeding.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 ORDER – 9

### III. CONCLUSION

Plaintiff has shown no basis for this Court to vacate its 1990 dismissal of Plaintiff's civil rights suit or its 1990 bar order. Plaintiff's closed case cannot be reopened and will not be construed as a habeas proceeding. Therefore, the motion to vacate the 1990 dismissal of claims is DENIED, the motion to reopen Plaintiff's 1990 civil rights case as a habeas proceeding is DENIED, the motion to vacate the 1990 bar order is DENIED, the motion for appointment of counsel is STRICKEN as MOOT, the motion to proceed under 28 U.S.C. § 2241(c)(3) is STRICKEN as MOOT, and the motion to file an "Amended" habeas petition is DENIED.

SO ORDERED this 6th day of December, 2005.

John C. Coughenour

United States District Judge

ORDER – 10